**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000563
20-MAR-2019
08:02 AM**

NO. CAAP-15-0000563

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ANDREW MAXWELL COX, Defendant-Appellant,

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 14-1-324K)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Andrew Maxwell Cox (**Cox**) appeals from the Judgment of Conviction and Sentence (**Judgment**) for Criminal Contempt of Court entered by the Circuit Court of the Third Circuit (**Circuit Court**)[1] on June 16, 2015. Cox contends that the Circuit Court erred by:

1.    admitting State's exhibit no. 3, the Hawaiʻi Community Correctional Center (**HCCC**) Non-Admission/Late Admission/Violations report, into evidence;

2.    admitting State's exhibits nos. 1 and 2 into evidence by stipulation without obtaining a waiver of Cox's constitutional right to confrontation;

3.    convicting Cox despite the State's failure to prove that Cox acted knowingly with respect to his conduct; and

4.    failing to dismiss the charge as de minimis.

For the reasons explained below, we reverse the Judgment.

---

[1]    The Honorable Melvin H. Fujino presided over the contempt trial.

## I.

On January 14, 2015, Cox was charged by amended complaint with Assault in the Second Degree and Terroristic Threatening in the First Degree. On January 14, 2015, pursuant to a plea agreement, Cox signed a waiver of indictment, pleaded guilty to Terroristic Threatening in the First Degree, and moved to defer acceptance of his plea.

A sentencing hearing was held on March 20, 2015. The Circuit Court[2] accepted Cox's deferred acceptance of guilty plea and sentenced him to one year in prison with credit for time served, mittimus to issue forthwith. Cox requested a delay of mittimus to put his affairs in order. The State objected based on Cox having been on release status since January 2015, knowing the charges against him were serious, and knowing that he might be taken into custody immediately after the sentencing hearing. The Circuit Court granted an eleven-day delay, stating:

> So here's it: March 31, 12:00, you report to HCCC. If you are not there by 12:00, 12:00 noon, at HCCC, you are going to be resentenced, and it's not going to be one year. I'll just tell you that.

The court denied Cox's request to serve his sentence intermittently. Cox signed, in open court, the Order Granting Motion for Deferred Acceptance of Guilty Plea (**Order**). While the signing of the Order was being placed on the record, the following colloquy took place:

> THE COURT: . . . When are you going to report to jail?
>
> MR. COX: The 31st.
>
> THE COURT: What time?
>
> MR. COX: By noon.

---

[2] The Honorable Ronald Ibarra presided over the sentencing hearing.

The Order was filed on March 23, 2015. It stated:

> You Shall:
>
> . . . .
>
> 2.    Be committed to the custody of the Director of
>       the Department of Public Safety for a period of
>       incarceration of: ONE (1) YEAR, with credit for
>       time served. Mittimus to issue **MARCH 31, 2015
>       at 12:00 p.m.**

(capitalization and bold type in original). Attached to the
Order was the Mittimus, which stated:

> THIS MITTIMUS IS EFFECTIVE MARCH 31, 2015 AT 12:00 P.M.

(capitalization in original). On April 10, 2015, after Cox was
apparently late in reporting to HCCC, the Circuit Court issued a
bench warrant and ordered Cox to show cause why he should not be
held in contempt of court for reporting late.

Cox was tried for criminal contempt of court on June 9,
2015. At the beginning of the trial the parties stipulated to
admission of State's exhibits 1 and 2 into evidence. Exhibit 1
was a certified copy of the Order Granting Motion for Deferred
Acceptance of Guilty Plea [and] Notice of Entry filed on
March 23, 2015. Exhibit 2 was a certified copy of the Circuit
Court's minutes from Cox's sentencing hearing on March 20, 2015.

The State's only witness was the HCCC employee
(**Castillo-Takeue**) who maintained HCCC's inmate files. She
authenticated State's exhibit no. 3 (**Exhibit 3**), the HCCC "Non-
Admission/Late Admission/Violations" report form contained in
Cox's inmate file. It stated that Cox reported to HCCC at
12:25 p.m. on March 31, 2015. It was prepared and signed by
HCCC's watch supervisor (**Sgt. Ka'aeo**). The Circuit Court
received Exhibit 3 into evidence over Cox's objection.

3

Cox moved for judgment of acquittal after the State rested. The motion was denied. After a colloquy[3], the Circuit Court found that Cox knowingly and voluntarily waived his constitutional right to remain silent, and was knowingly and voluntarily exercising his right to testify. Cox testified that he caught a ride to HCCC, leaving Kona at 9:00 a.m. and arriving in Hilo "Just before noon" but "By the time we finally made it to the import [sic] desk, it was 12:20 according to their clock." Cox called no other witnesses. The Circuit Court found Cox guilty. The Judgment was filed on June 16, 2015. This appeal followed.

## II.

**A. Exhibit 3 was testimonial hearsay not subject to any HRE 803 exception.**

At trial Cox objected to Exhibit 3 based on lack of foundation. The Circuit Court admitted the exhibit into evidence. On appeal Cox contends that Exhibit 3 was testimonial, was prepared specifically for trial presentation, and should have been excluded because its author (Sgt. Kaʻaeo) was not subject to cross-examination in violation of Cox's constitutional right to confrontation.[4] Because Cox did not raise the constitutional objection at trial, we review for plain error. Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 52(b) (1977).

The State contends that Exhibit 3 was not testimonial, citing State v. Fields, 115 Hawaiʻi 503, 168 P.3d 955 (2007) for

---

[3] Cox does not challenge the adequacy of the Tachibana colloquy. See Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995).

[4] The confrontation clause of article I, section 14 of the Hawaii Constitution states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against the accused[.]" The Confrontation Clause of the United States Constitution is virtually identical and provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI.

4

the proposition that "business records" are "clearly nontestimonial." <u>Id.</u> at 513, 168 P.3d at 965 (citing <u>Crawford v. Washington</u>, 541 U.S. 36, 51, 56 (2004)). The Circuit Court admitted Exhibit 3 "as a business exception records [sic]."

Castillo-Takeue testified that Exhibit 3 was a record "that HCCC . . . commonly keeps within their custody of the records department" and that "the sergeants" input the information. Hawai'i Rules of Evidence (**HRE**) Rule 803 (1993 & Supp. 2002) provides, in relevant part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
>     (b)    Other exceptions.
>
> . . . .
>
>     (6)    Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, . . . unless the sources of information or other circumstances indicate lack of trustworthiness.
>
> . . . .
>
>     (8)    Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, <u>excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel</u>[.]

(emphasis added). Exhibit 3 was a record of a public agency (HCCC) reporting on the observation by a law enforcement officer (Sgt. Ka'aeo) in a criminal case, offered to prove the truth of the matter asserted (Cox's late reporting to HCCC). It does not qualify under the hearsay exception for business or public records. <u>See</u> <u>Melendez-Diaz v. Massachusetts</u>, 557 U.S. 305, 322

(2009) (reports generated by law enforcement officials do not qualify as business or public records, citing Federal Rules of Evidence Rule 803(8) defining public records as "excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel").

Castillo-Takeue did not testify that the record is routinely completed by a sergeant for every inmate who reports to the HCCC receiving desk. The document itself indicates it is only completed if a person does not report, reports late, is turned away (e.g., no mittimus or order of commitment), or commits a violation. To the extent "the primary purpose of" the document "is to establish or prove past events potentially relevant to later criminal prosecution," it is testimonial. Fields, 115 Hawai'i at 514, 168 P.3d at 966 (quoting Davis v. Washington, 547 U.S. 813, 822 (2006)).

Moreover, the statement in Exhibit 3 was made by a law enforcement officer declarant and was specifically directed against Cox. The confrontation clause of the Hawai'i Constitution applies to "witnesses against the accused[.]" The Confrontation Clause of the United States Constitution applies to "witnesses against him" (referring to "the accused"). That distinguishes this case from the Hawai'i cases finding records containing information prepared by declarants who were not law enforcement officers, and which were not specific as to the defendant, to be nontestimonial. See State v. Marshall, 114 Hawai'i 396, 401, 163 P.3d 199, 204 (App. 2007), cert. rejected, No. 27694, 2007 WL 4358284 (Haw. Dec. 13, 2007) (sworn statements of Intoxilyzer supervisor that machine used to test defendant had been properly calibrated and tested for accuracy, and that contained no mention of defendant's blood alcohol level, were "merely a record of routine, nonadversarial matters made in a nonadversarial setting" and not testimonial) (citation and original quotation marks omitted); State v. Fitzwater, 122

Hawaiʻi 354, 358, 374, 227 P.3d 520, 524, 540 (2010) (speedometer check card created by Jack's Speedo shop "in a non-adversarial setting in the regular course of maintaining [arresting officer's] police vehicle, five months prior to the alleged speeding incident" that did not mention defendant's speed held nontestimonial); State v. Cruz, 135 Hawaiʻi 294, 297-298, 349 P.3d 401, 404-405 (App. 2015), cert. dismissed as improvidently granted, No. SCWC-12-0000477, 2018 WL 1611669 (Haw. April 3, 2018) (holding that cell phone provider's call logs for defendant's telephone number, documenting all incoming and outgoing calls, "are generally admissible absent confrontation . . . because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial").

In this case, Exhibit 3 was not only created for the records of a public agency (HCCC); it was faxed to the Circuit Court and presumably triggered the issuance of the bench warrant and order to show cause. We hold that Sgt. Kaʻaeo's statement that Cox reported to HCCC at 12:25 p.m. was testimonial hearsay, not subject to any HRE 803 exception, and the State's failure to call Sgt. Kaʻaeo as a trial witness violated Cox's constitutional right to confront Sgt. Kaʻaeo about his statement.

"Under plain error review, if the substantial rights of the defendant are implicated, then the error may be corrected on appeal unless it was harmless beyond a reasonable doubt." State v. Taylor, 130 Hawaiʻi 196, 222-23, 307 P.3d 1142, 1168-69 (2013) (citation and original quotation marks omitted). The State argues that the admission of Exhibit 3 into evidence was harmless because Cox admitted at trial that "By the time we finally made it to the import [sic] desk, it was 12:20 according to their clock." The Circuit Court's error was not harmless beyond a reasonable doubt because Exhibit 3 was the only evidence in the

State's case establishing that Cox did not report to HCCC by noon on March 31, 2015.

      Based on the foregoing, we reverse the Judgment.

      DATED:  Honolulu, Hawaiʻi, March 20, 2019.

On the briefs:

Samson S. Shigetomi,
Deputy Public Defender,
for Defendant-Appellant.

      Presiding Judge

Dale Yamada Ross,
First Deputy Prosecuting
Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

      Associate Judge

      *Keith K Hiraoka*

      Associate Judge